# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DISTRICT

**KAYUNDRA NORRIS HUNT**                                                              **PLAINTIFF**

v.                                            **4:14CV00172-BSM-JJV**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                                    **DEFENDANT**

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for Chief United States District Judge Brian S. Miller. A party to this dispute may object to this recommendation in writing. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the Clerk of the Court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Miller may adopt the recommended disposition without independently reviewing the record evidence. An objecting party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

address the following matters as part of written objections: (1) why the record before the magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony and/or documents to be proffered at a hearing.  Based on this submission, Judge Miller will determine the need for a hearing.

### Recommended Disposition

This report recommends dismissing this case for failing to prosecute and failing to comply with court orders.  Plaintiff Kayundra Hunt filed this case on March 19, 2014, and asked for judicial review of the denial of her second application for social security disability benefits.[3]  After the Commissioner answered, the Court directed Ms. Hunt to file a brief by July 8, 2014, to identify her allegations of error.[4]

Instead of filing a brief, Ms. Hunt asked the Court to appoint an attorney.[5]  Ms. Hunt identified no effort to obtain an attorney, other than stating that the attorney who represented her during her administrative proceeding was unable to help her.  The Court considered the applicable factors and denied the request.[6]

At that point, Ms. Hunt ceased communicating, so the Court directed Ms. Hunt to file a brief by November 10, 2014.  The Order cautioned Ms. Hunt that her case would be dismissed if she failed to file a brief.  Ms. Hunt did not file a brief.

---

[3]Docket entry #s 1 & 2.

[4]Docket entry # 10.

[5]Docket entry #12.

[6]Docket entry # 13.

Under Local Rule 5.5, a pro se plaintiff like Ms. Hunt must diligently prosecute her case. The rule provides for case dismissal if the plaintiff fails to respond to a court order. Federal Rule of Civil Procedure 41(b) permits the court to dismiss a case for failing to prosecute; the rule also permits the court to dismiss a case for failing to comply with a court order.[7] Dismissal is appropriate under both rules, because Ms. Hunt has not prosecuted her case and has twice failed to comply with Orders directing her to file a brief.

Additionally, out of an abundance of caution, the Court has reviewed the Commissioner's decision and the agency record to determine whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards.[8] As explained below, substantial evidence supports the decision; the Commissioner made no legal error.

Ms. Hunt claims disability beginning May 25, 2011.[9] She bases disability on

---

[7]*See* Fed. R. Civ. P. 41(b) (permitting defendant to move for dismissal on grounds plaintiff failed to prosecute her case); *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (district court may dismiss case if party fails to comply with its orders; court must be able to manage its docket to resolve cases expeditiously so opposing party isn't prejudiced because of dilatory conduct).

[8]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[9]SSA record at pp. 102 & 110.

numerous complaints.[10] She alleges disabling pain and limitation in all exertional and nonexertional functions: lifting, standing, walking, sitting, stair climbing, kneeling, squatting, reaching, using hands, seeing, hearing, talking, bending, memory, concentration, completing tasks, understanding, following instructions, and getting along with others.[11] In contrast, the medical evidence shows little impairment.[12]

During the time period for which benefits were denied,[13] Ms. Hunt sought little medical treatment. In May 2011, when she claims she became disabled, she was receiving

---

[10]*Id*. at p. 201 (basing disability on bipolar disorder, depression with psychosis, hypertension, memory problems, lower back pain, arthritis, sleep problems, reading problems, chronic body pain, pin in leg, glaucoma, cataracts, and problems with hearing in one ear).

[11]*Id*. at pp. 229 & 257.

[12]*Id*. at pp. 440-42 (Mar. 5, 2012 agency mental evaluation: Ms. Hunt was untruthful about her age and substance abuse; she appeared nonsensical and disheveled; the examiner suspected malingering), *id*. at pp. 446-450 (Mar. 6, 2012 agency physical exam: uncorrected vision 20/50; limited range of motion in shoulders, wrists, ankles, and back; poor posture and gait; positive straight leg raise), *id*. at pp. 477-80 (Mar. 29, 2012 agency vision exam: corrected vision 20/25; she was able to maneuver without assistance; need testing for glaucoma), *id*. at pp. 501-02 (May 24, 2012 visit with primary care provider: first visit since 2005; she had numerous complaints; provider prescribed medication for hypertension and depression, and recommended mental health provider), *id*. at pp. 498-99 (June 26, 2012 followup with primary care provider: blood pressure under control; she did not fill prescription for Vitamin D deficiency; needs to establish care with mental health provider) & *id*. at pp. 506-08 (May 10, 2013 emergency room visit for hip pain: diagnostic imaging shows some disc degeneration in low back at level L5/S1 and some arthritis in hips, worse on left).

[13]Some of the evidence applies to Ms. Hunt's first application and predates the relevant time period. The remote evidence establishes a long-time problem with alcohol, marijuana, and cocaine addiction.

out-patient mental health treatment for bipolar disorder and substance abuse.[14] She was accepted for in-patient treatment, but in June 2011, she was discharged for positive drug screens.[15] In December 2011, she was treated for bronchitis.[16] In May and June 2014, she saw a primary care physician and complained about numerous medical and mental health problems.[17] In May 2013, she sought treatment for hip pain.[18] This treatment history implicates no disabling pain or limitation.[19]

In her Complaint, Ms. Hunt attributed her treatment history to a lack of medical insurance.[20] Lack of financial resources, like medical insurance, can sometimes explain the lack of treatment, but not here, because there is no indication Ms. Hunt sought low-cost or

---

[14]*Id*. at p. 420 (case manager note: she's still drinking; has been accepted for in-patient detox program).

[15]*Id*. at p. 424.

[16]*Id*. at p. 430.

[17]*Id*. at pp. 498-503.

[18]*Id*. at pp. 505-14.

[19]*Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted claimant's allegations of disabling conditions and supported unfavorable decision); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional limitations are inconsistent with the failure to take prescription pain medication or to seek regular medical treatment for symptoms); *Haynes v. Shalala*, 26 F.3d 812, 814-15 (8th Cir. 1994) ("A lack of strong pain medication is inconsistent with subjective complaints of disabling pain."); *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988) ("A failure to seek aggressive treatment is not suggestive of disabling back pain.").

[20]Docket entry # 2.

no-cost medical care, or has been denied care.[21]  If Ms. Hunt's pain was as severe as she claims, she would need regular medical treatment.  The lack of treatment contradicts her claims of disabling pain and limitation.

A reasonable mind would accept the evidence as adequate to support the Commissioner's decision because there is little evidence of impairment, and because Ms. Hunt has sought little medical treatment.  The decision reflects no legal error.  The district judge can dismiss this case, knowing the Commissioner's decision is proper.

**Conclusion and Recommendation**

Ms. Hunt failed to prosecute her case and failed to comply with Orders directing her to file a brief.  For these reasons, the Court recommends dismissing this case, without prejudice, under Local Rule 5.5 and Fed. R. Civ. P. 41(b).  Ms. Hunt may still file a brief if she does so within the fourteen-day time period for objecting to this recommended disposition.

Dated this 4th day of December, 2014.

```
                                    _____
                                    JOE J. VOLPE
                                    UNITED STATES MAGISTRATE JUDGE
```

---

[21]*Murphy v. Sullivan*, 953 F.2d 383, 387 (8th Cir. 1992) (rejecting argument based on financial hardship in absence of evidence showing claimant sought low-cost medical treatment or was denied medical care because of her financial condition).